In the United States District Court for The Middle District Of Alabama

James Kelly Monroe,
 Plaintiff

v.

Officer L. Thomas, et. al.,
 Defendants

Civil No. 06-CV-928-MEF

RECEIVED 2007 FEB -2 A 10:15 DEBRA P. HACKETT, CLK US DISTRICT COURT MIDDLE DISTRICT ALA

## Objection To Defendants' Answer

Comes Now, James Kelly Monroe, the plaintiff in the above enumerated case to move the Honorable Court for an order denying the defendants request for Summary Judgment pursuant to Fed. Rules of Civ. Proc., Rule 56 et. seq.

Whereas, on January 16th, 2007, the defendants' filed their answer to the complaint. Further, they denied every material allegation contained in the complaint, See Defendants' answer at pg 1. In addition, they asserted the affirmative defense of qualified immunity, See Defendants' answer at pg 1. Further, the defendants assert they cannot be held liable under the doctrine of Respondeat Superior or vicarious theories. See Defendants' answer at pg 2. Also, they cannot be sued in their individual capacities. See Defendants' answer at pg 2. In addition, they cannot be sued in their official capacities. See

defendants' answer at pg 2. Finally, they are entitled to summary judgment pursuant to Title 42 U.S.C. Section 1997(e)(c).

[ Memorandum ]

In the U.S. District Court for Middle District of Alabama, the Court held summary judgment was proper for defendants, when there is a lack of evidence of Officials deliberate indifference, see Calhoun v. Thomas, 360 F. Supp. 2d 1264 (M.D. Ala. 2005). In the instant case, the defendants violated the plaintiff's eight amendment right, when they failed to transfer the plaintiff to Baptist South, even though the Staff, the doctor, the Warden, and Assistant Warden knew, and they disregard his need for more comprehensive treatment at Baptist South; yet, the plaintiff was held at the Prison hospital for questioning by I & I Officer Sasser, see (Alabama Department of Corrections' Special Report) Furthermore, Baptist South's records reveal that plaintiff did not arrive until approximately 21:42 mt or 9:42 p.m. (See Baptist South's Nursing Chart Long form at pg 1). In addition, the Baptist South's record reveals that the plaintiff was in substantial pain. (See Baptist South's

Nursing chart long form; Pain Scale [sharp pain in upper back] at pg 1). Further, Prison Health Service's record reveal that plaintiff arrived at its facility at 7:40 p.m on September 4th, 2006 complaining of a stab wound in his back. See (defendant's exhibit E). Hence, there was over two hours (9:42 p.m. (-) 7:40pm = 2 hours) difference in time between plaintiff' arrival at the (PHS) facility or prison hospital, and the transfer to Baptist South hospital. In addition, the doctor, Paul Corbier, authorized the transfer by phone; [Dr. Corbier was not physically at the (PHS) facility]. See Exhibit E (Admission date & Time [9/4/06; 7:40 p.m] also reported Dr. Corbier under Physical examination) Furthermore, the staff present at the PHS facility on the night of the injury only examined the wide of the stab wound of 2.5 cm. (See Exhibit E Nature of injury) However, Baptist South's records revealed the depth of the wound of 4 cm. (See Baptist South Procedure at Site (Back) at pg 1.) Also, (Baptist South Emergency physician record at wound description). Hence, the plaintiff received a serious injury, and he told Dr. Toms he almost died from the bleeding. See (Interdisciplinary progress notes date 9/21/06). In Hale v. Tallapoosa County,

50 F.3d 1579, 82 (11th Cir 1995)(The 11th Circuit Court held to be deliberately indifferent a prison official must to risk of serious harm (2) there was a substantial risk of serious harm (3) must be causation between deliberate indifferent and plaintiff's substantial risk of serious harm.) Hence, the defendants acted with deliberate indifferent to the plaintiff's health, when they waited until Warden Thomas arrived in order that I & I Officer Sasser could investigate/interrogate the plaintiff before he was transported to Baptist South Hospital two hours after he arrived at the PHS Facility; i.e. Plaintiff stated to Dr. Toms "I almost died from the bleeding", and "they are going to get a lawsuit from this". See (Interdisciplinary progress notes at 9/21/06 at 10 a.m.). In addition, the plaintiff continues to complain about "bladder problems" and depression/Anxiety. See (Interdisciplinary progress notes at 11/9/06 at 9:30 A.M).

Therefore, the defendants are not entitled to Summary judgment, and the above enumerated case should be set for trial by the Honorable Court. Where, Austin v. Johnson, 328 F.3d 204 (5th Cir. 2003)(Court denied prison officials a grant of qualified immunity on plaintiff claim when they waited two hours before calling

an ambulance after the plaintiff showed signs of dehydration such as vomiting and losing conscious). Hence, the defendants in the instant case waited two hours before transporting the plaintiff to Baptist South Hospital for his serious medical condition; Thus, they should be denied qualified immunity.

Thirdly, the Doctrine of <u>Respondeat Superior</u> applies because the PHS physican and Administrator were aware of the plaintiff's serious medical condition, but failed to transport the plaintiff immediately to the Baptist South Hospital; In fact, they waited for approximately two hours, even giving the I & I Officer a chance to interrogate the plaintiff. Therefore, Ms. Sager, administrator; and Dr. Corbier, PHS's physican, are directly responsible for the actions of the staff whom acted with a deliberate indifference to the plaintiff health/or serious medical condition.

Fourthly, the defendants are liable in their individual capacity because each were aware of the seriousness of plaintiff's injury and disregard it, in order that he could be interrogated before he was transferred to Baptist South Hospital, see <u>Jackson</u>

Pg 6

v. First Correctional Medical Services, 380 F. Supp. 2d 387 (D. Del. 2005)(The U.S. District Court of Delware denied motion to dismiss the plaintiff's Section 1983 claims against a prison's medical subcontractor where plaintiff alleged hearing loss was the result of defendants delay and missteps in treating his chronic ear problems.) Hence, the defendants in the instant case should be held liable in their individual capacities because they are not agents of the State, but a contractor/subcontractor, i.e. (PHS) Prison Health Service Inc.

Fifthly, the defendants are not entitled to Eleventh Amendment/or Absolute immunity, due to fact, they are not agents of the State. Nor an "Arm of the State, but rather a private contractor. See Manders v. Lee, 338 F. 3d 1304 (11th Cir 2003)(Court held Eleventh amendment immunity bars suits brought in Federal Court when the State itself is sued, and an arm of the state is sued.) However, (PHS) or Prison Health Service is not an agent of the state nor arm of the state, but a private contractor; Thus, they are not entitled to Eleventh Immunity bar from suits.

Finally, Title 42 U.S.C. Section 1997e(a) requires a prisoner to exhaust any available administrative remedies before challenging prison conditions in Federal Court, cited in Woodford v. NGO, 165 L.Ed.2d 368 (2006). In the instant case, the plaintiff filed numerous medical grievance. See Exhibit 1,2,3. Where, several of the medical grievances received no response. See Exhibit 2,3. In Shalala v. Illinois Council on Long Term Care, 146 L.Ed.2d 1 (2000)(Court held that "futility" was an exception to exhaustion). Hence, in the instant case, the medical grievance was a futile process for several reason (1) It becomes mood to file a medical grievance, due to fact, the deliberate indifference to the plaintiff's serious medical condition only occurred once; Thus, it would be irrational to request the medical staff to control the act, i.e.; a deliberate delay in transporting plaintiff to Baptist South, because plaintiff has no future need to be treated on the stabbing incident. (2) Plaintiff filed numerous medical grievance, and sick call request to try to obtain follow-up treatment which was a futile.

Therefore, plaintiff did all he could to **properly** exhaust the medical grievance process. In fact, the medical staff only responded on 9/22/06 to one medical grievance. See Exhibit 1; and **no** response on the other two medical grievances. See Exhibit 2 and 3. Finally, plaintiff tried to obtain a **formal** grievance form, but did not receive one. Thus, the defendants are **not** entitled to dismissal pursuant to title 42 U.S.C. Section 1997e(a). See Sims v. Apfel, 147 L.Ed.2d 80 (2000)(Court held Administrative law contains well established exceptions to exhaustion); Also, Shalala, supra. (futility); Also, McKart, Supra, 23 L.Ed.2d 194 (1969)(hardship); Also, McCarthy, Supra, 117 L.Ed.2d 291 (1992)(inadequate or unavailable administrative remedies).

 In sum, all defendants acted with or omitted to act resulted in a deliberate indifference to the medical condition of the plaintiff; Therefore, his claim is **properly** before the Honorable Court, and Summary judgment is precluded by Law. See Farmer v. Brennan, 128 L.Ed.2d 811 (1994)(A prison official may be held liable "deliberate indifference" to a substanial risk of serious harm to a prisoner violates the

the eighth amendment, <u>only</u> if the official is subjectively aware that the prisoner faces such a <u>risk</u> and disregard that risk by failing to take reasonable measures to abate the risk.) Hence, it was unreasonable for the Doctor, Administrator or Staff to delay by two hours the transfer of the plaintiff to Baptist South, even though they <u>knew</u>, and <u>disregard</u> the constant loss of blood and the pain suffered by plaintiff only for the purpose of conducting an interrogation on the stabbing of James Kelly Monroe, Micheal Grant, and Vincent Crim by Andre Jolly, a violent inmate, whom had previously stabbed another inmate at St. Clair Co. Correctional facility. Therefore, the plaintiff prays the Honorable Court will reject the defendant's motion for summary judgment, and set the case for trial.

    Where, the plaintiff affirm under the penalty of perjury that the foregoing declaration is true and correct to the best of his knowledge and understanding of the facts.

_____      _____
Date executed                 Pro Se Signature

## Certificate Of Service

I, James Kelly Monroe, affirm that I have served a copy of the Objections on the attorney for the defendants, Paul M. James, Jr. at Rushton, Stakely, Johnston + Garrett, P.A.; P.O. Box 270; Montgomery, Al 36101-0270 by U.S. Postal Service on this ____ day of January, 2007

_____          _James K Monroe_____
Date executed                             (Pro Se) Signature

Return Address:

James Kelly Monroe
AIS# 167435
Staton CF
P.O. Box 56
Elmore, Al 36025

Pg 10

Sworn and Subscribed before me, ____Hearse____, a notary public on this __30TH__ day of January, 2007

____Hearse____
Notary Public

__1-22-08__
Date Comission Expire



167435-C Dorm
James K. Monroe
Po-box 56
Elmore AL, 36025
9577

State Of Alabama
Central Mail Ops
#5

Office of the Clerk
United States D.'s court
Po box 711
Mont. AL, 36101-0711

Legal Mail

Exhibit 1

Prison Health Services
Inmate Informal Grievance

SCC

NAME: JAMES MONROE   AIS #: 167435   UNIT: B-2-16-B   DATE: 9/20/06

**PART A—Inmate Complainant**

My complaint is on Nurse Ulene and the nurse that was on on 9/4-06 at 7:30 pm. I was stabbed at 7:30 and was at the health care at 7:40 pm, I did not get to the free world hospital til 1:15 pm. once they saw that they could not stop me from bleeding I should have gotten me to the hospital, they didn't know if i was bleeding on the inside or not, they didn't know my condition I could have died, I lost a large amount of blood. They done a very poor job, this wasn't just a cut it was a life threating stabed, it should not have taken from 7:40 til 1:15 to get me some care.

INMATE SIGNATURE: James Monroe

**PART B –RESPONSE**   DATE RECEIVED _____

Body Chart on 9/4/06 indicates that the nurse contacted M.D. shortly after arrival to HCU. You were triaged @ Hospital at 12:42 AM.

MEDICAL STAFF SIGNATURE: E. Ellis RN
DATE: 9/22/06

If resolution has not occurred and you wish to file a formal grievance you may request a grievance form from the Health Services Administrator. Return the completed grievance form to the Health Service Administrator.

| | Y | N | | Y | N |
|---|---|---|---|---|---|
| I  Dissatisfied with Quality of Medical Care | X | ☐ | VI  Delay in Health Care Provided | ☐ | ☐ |
| II  Dissatisfied with Quality of Dental Care | ☐ | ☐ | VII  Problems with Medication | ☐ | ☐ |
| III  Dissatisfied with Quality of Mental Health Care | ☐ | ☐ | VIII  Request to be seen | ☐ | ☐ |
| IV  Dissatisfied with Response to Non-Medical Request | ☐ | ☐ | IX  Request for Off-site Specialty Care | ☐ | ☐ |
| V  Conduct of Healthcare Staff | ☐ | ☐ | X  Other | ☐ | ☐ |

C/K.
9/28/06

11/03 - Alabama

Exhibit 2

**Prison Health Services**
**Inmate Informal Grievance**

NAME: JAMES MONROE    AIS #: 167435    UNIT: D-2-16-B    DATE: 12-11-06

**PART A—Inmate Complainant**

I saw Nurse Swiddiel on 11-30-06 about my pain that I'm having down my right side. She put me down to see the doctor. I still had not see doctor. This is my #3 sick call. I'm having real bad pain down my right side. I need to be xrayed something is wrong with me.

Thanks
James Monroe.

INMATE SIGNATURE: James Monroe

**PART B – RESPONSE**    DATE RECEIVED _____

MEDICAL STAFF SIGNATURE _____

DATE _____

If resolution has not occurred and you wish to file a formal grievance you may request a grievance form from the Health Services Administrator. Return the completed grievance form to the Health Service Administrator.

|  | Y | N |  | Y | N |
|---|---|---|---|---|---|
| I   Dissatisfied with Quality of Medical Care | ☐ | ☐ | VI   Delay in Health Care Provided | ☐ | ☐ |
| II  Dissatisfied with Quality of Dental Care | ☐ | ☐ | VII  Problems with Medication | ☐ | ☐ |
| III Dissatisfied with Quality of Mental Health Care | ☐ | ☐ | VIII Request to be seen | ☐ | ☐ |
| IV  Dissatisfied with Response to Non-Medical Request | ☐ | ☐ | IX   Request for Off-site Specialty Care | ☐ | ☐ |
| V   Conduct of Healthcare Staff | ☐ | ☐ | X    Other | ☐ | ☐ |

11/03 - Alabama

Exhibit 3

Prison Health Services
Inmate Informal Grievance

NAME: James Monroe   AIS #: 167435   UNIT: B-2-16-B   DATE: 12-12-06

**PART A---Inmate Complainant**

This is my #3 grievance about I need to see doctor about my back, I have file 2 grievance over at Health Care and Never got a respond, Warden Thomas I need to see doctor about my pain down my right side.

INMATE SIGNATURE: James Monroe

**PART B –RESPONSE**                                        DATE RECEIVED _____

MEDICAL STAFF SIGNATURE

DATE

If resolution has not occurred and you wish to file a formal grievance you may request a grievance form from the Health Services Administrator. Return the completed grievance form to the Health Service Administrator.

| | Y | N | | Y | N |
|---|---|---|---|---|---|
| I Dissatisfied with Quality of Medical Care | ☐ | ☐ | VI Delay in Health Care Provided | ☐ | ☐ |
| II Dissatisfied with Quality of Dental Care | ☐ | ☐ | VII Problems with Medication | ☐ | ☐ |
| III Dissatisfied with Quality of Mental Health Care | ☐ | ☐ | VIII Request to be seen | ☐ | ☐ |
| IV Dissatisfied with Response to Non-Medical Request | ☐ | ☐ | IX Request for Off-site Specialty Care | ☐ | ☐ |
| V Conduct of Healthcare Staff | | | X Other | | |

11/03 - Alabama

Exhibit 4



# PRISON HEALTH SERVICES, INC.
## SICK CALL REQUEST

Print Name: JAMES K MONROE        Date of Request: 12-11-06
ID # 167435                       Date of Birth: 9/8/67   Location: B-2-16-B
Nature of problem or request: I'm still having back pain when i turn my neck to the left R right it sends pain down my right side this is my third sick call see nurse once she put me down to see doctor haven't seen him as of yet.

                                      James Monroe
                                            Signature

**DO NOT WRITE BELOW THIS LINE**

Date: ___/___/___
Time: _____ AM  PM
Allergies: _____

| RECEIVED |
| --- |
| Date: |
| Time: |
| Receiving Nurse Intials _____ |

**(S)ubjective:**




**(O)bjective**   **(V/S):**  T: _____   P: _____   R: _____   BP: _____   WT: _____




**(A)ssessment:**




**(P)lan:**




Refer to:   MD/PA   Mental Health   Dental   Daily Treatment      Return to Clinic PRN
                                    CIRCLE ONE
Check One:   ROUTINE ( )    EMERGENCY ( )
    If Emergency was PHS supervisor notified:   Yes ( )   No ( )
        Was MD/PA on call notified:   Yes ( )   No ( )


_____
                                  SIGNATURE AND TITLE
WHITE:   INMATES MEDICAL FILE

Exhibit 5

11-30-06
WENT AND SEEN NURSE AT 7:18 AM ON 11-30-06 She put me down to see doctor,

NURSE SWIDDLED

ITS BEEN A WEEK AND STILL HAS NOT SEEN doctor FOR MY back AND PAIN